UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_Tallahassee_____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

_Wellington Glinton_____,
Inmate # _W38934_____.
(Enter full name of Plaintiff)

vs.

_MARK S. Inch, Sec. Fl. Dep't.,_
_of Corr., et al.,_
_Julie Jones, Sec. Fl. Dep't. of_
_Corr., et al.,_____,

_____,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

CASE NO: _4:19 cv 239RH-HTC_
(To be assigned by Clerk)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

LEGAL MAIL
Provided to
Wakulla CI

MAY 2 2 2019

FOR MAILING _____



FILED USDC FLND TL
MAY 23 '19 PM 1:35

## I.    PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:  *Wellington Glinton*
Inmate Number    *W38934*
Prison or Jail:    *Wakulla C.I.-Annex*
Mailing address:  *110 Melaleuca Dr.*
*Crawfordville, Fl*
*32327-4963*

## II.   DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>**every**</u> Defendant:

(1)    Defendant's name:  *Julie Jones*
       Official position:   *Secretary Doe*
       Employed at:       *Tallahassee*
       Mailing address:   *PO 001 2601 Blair Stone Rd.*
                         *Tallahassee, Fl 33399*

(2)    Defendant's name:  *John Doe*
       Official position:   *Warden*
       Employed at:       *Taylor C.I.*
       Mailing address: *8501*  *Hampton Springs RD*
                         *Perry Fl, 32348*

(3)    Defendant's name:  *John Doe*
       Official position:   *Warden*
       Employed at:       *Sumter C.I.*
       Mailing address:   *9544 County Road 476B*
                         *Bushnell, Fl, 33513*


**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.   IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(   )                    No( ✓ )

   1.   Parties to previous action:
      (a)   Plaintiff(s): _____
      (b)   Defendant(s): _____
   2.   Name of judge: _____   Case #: _____
   3.   County and judicial circuit: _____
   4.   Approximate filing date: _____
   5.   If not still pending, date of dismissal: _____
   6.   Reason for dismissal: _____
   7.   Facts and claims of case: _____
      _____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(   )                    No( ✓ )

   1.   Parties to previous action:
      a.   Plaintiff(s): _____
      b.   Defendant(s): _____
   2.   District and judicial division: _____
   3.   Name of judge: _____   Case #: _____
   4.   Approximate filing date: _____
   5.   If not still pending, date of dismissal: _____
   6.   Reason for dismissal: _____

3

6.   Facts and claims of case: *See attached continuation*

---

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1.) On October 13, 2016, while standing outside in front of his assigned dorm, sweeping the side walk, Plaintiff was attacked with homemade weapons by three Gang-members, in a unauthorize area.

2.) Plaintiff was instructed by his dorm C/O to sweep the front side of his dorm, plaintiff was left unsupervised and with no security to protect him.

3.) The three perpetrators were also violent Gang members, whom did not have authorization to be in the area same as plaintiff, but due to lack of security and deliberate indifference to plaintiff's safety, said assailants were able to rome the prison and enter in and out other dormitories without authorization to attack other prisoners, such as plaintiff.

4.) Plaintiff sustained a grotesque, permanent disfigurement from the back of his neck to near his mouth. The injury required nearly thirty sutures to repaire.

5.) Plaintiff was incarcerated at said prison (Taylor Correctional Institution.) for over seventeen months.

6.) While at Taylor C.I. Plaintiff was subjected to continuous extortion, intimidation, and threats by violent Gang members. The Defendant was notified of the dangers posed to prisoners at Taylor C.I., such as Plaintiff via A.) long standing Gang violence at prison. B.) prisoners violating prison rules, entering other dormitories they are not assigned to for the purpose of assaulting other prisoners. C.) known violent prisoners, and Gang members assaulting other prisoners with impunity. Not conducting

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                         No( ✓ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
    a.   Plaintiff(s): _____
    b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____   Case #: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes( )                         No( ✓ )

1.   Parties to previous action:
    a.   Plaintiff(s): _____
    b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____ Case Docket # _____

4.   Approximate filing date: _____ Dismissal date: _____

5.   Reason for dismissal: _____

4

adequate, comprehensive investigation into assaults or transfering the perpetrators to other prisons. D.) A Documented unacceptable, excessive number of prisoners seeking protection from gang violence, etc.

7.) Plaintiff notified defendants of the identity of the perpetrators or their gang affiliation. And sought future protection from gang violence. Particularly, the gang responsible for his injuries.

8.) Plaintiff informed defendants that his safety was in jeopardy, and said gang had a hit on his life. Plaintiff refused to make any formal statement against said gang or perpetrators. Due to retaliation on him or his family. Plaintiff was in fear of his and his family safety. Because defendants, not only routinely failed to conduct sincere investigation into staff on inmate or inmate on inmates violence, but, rogue staff frequently utilize gang members and employed the same to attack other prisoners. And staff conducted illegal business with the same to introduce contraband into the prison, and staff routinely informed gang members of the identity of the prisoners who provided evidence against them.

9.) Plaintiff was transfered from Taylor C.I. without adequate protection to Gulf C.I. and placed on protective management. With no remedial actions.

10.) Plaintiff was transfered from Gulf to Walton C.I. wherein he was the victim of gang violence again. And suffered abrasion to his person, bruising, and swelling.

11.) The assailants that attacked Plaintiff at Walton C.I. were the same gang that attacked Plaintiff at Taylor C.I.

12.) Plaintiff again, pleaded with defendants for protection. And to take remedial actions. Defendants denied Plaintiff protection.

13.) Plaintiff was transfered to Mayo C.I. where he was the victim of intimidation, threats, and attempted extortion. Plaintiff life was Another attempt was made on Plaintiff's life by the same gang at Mayo. Plaintiff barely evaded said attempt. Notified the

defendants. was placed under investigation, and pending P.M. Transfer. Plaintiff informed Defendants via verbally and in writing. that he needed to be transferred out of the region. To A Prison not predominant Violent And Gang infested. 1

14.) Defendants were aware, that violent Gang members in its custody were in possession of cellular devices. In communication with each other throughout Doc prison. And routinely investigated other prisoners whereabouts for the purpose of commanding their brothers to harm other prisoners in the care, custody, and control of the Defendants.

15.) Plaintiff was transferred to another predominantly Violent Gang infested prison. Deliberately by defendants.

16.) Plaintiff was Transferred to Sumter C.I. where on September 15, 2017. while attempting to gain access to the Recreation yard. Plaintiff was the victim of an attempted Homicide while standing in front of his dorm, by members of the same Gang. who have been harassing, intimidating, threatening, and assaulting Plaintiff Since Taylor C.I.

17.) At the moment Plaintiff was assaulted by said Gang members, with homemade weapons, no security staff was present. Said Gang members were permitted to go through several prison check points with homemade weapons. without being searched, questioned, or otherwise investigated.

18.) The assailants were known violent Gang members and were permitted to violate Doc rules and enter other unauthorize areas, such as plaintiff's sleeping quarters with impunity. For the sole purpose of attempting to kill Plaintiff.

(6A.)

19.) Plaintiff sustained multiple stab wounds to his face, head, and back. Requiring multiple sutures.

20.) Defendants were aware that Sumter C.I. were Prison was an extreme violent Prison. Defendants were aware that staff and other Prisoners were introducing Cellular devices into said Prison.

21.) Defendants were aware that Prisoners at Sumter C.I. working sensitive areas were fashioned weapons in those areas. And transporting said weapons from work to the General Population. And distributing said weapons to violent inmates and Gang members. without being adequately searched.

22.) Defendants were aware that weapons being seized during routine or mass searches were being given back to said Violent Prisoners and Gang members.

23.) Defendants were aware that Violent Prisoners and Gang members were being employed and used by rogue staff to control and punish other prisoners.

24.) Defendants were aware of the lack of adequate supervision of officers leading to corruption. And that staff routinely failed to report assaults and other Violations committed by Prisoners.

25.) Defendants lacked any adequate procedure at its facility or qualified personnel to competently investigate violence, corruption, and other security needs effecting the safety of its Prisoners and staff.

26.) After being attacked the victim of said attempted Homicide. Plaintiff was Temporary placed in administrative segregation. No investigation into the incident was conducted. And the perpetrators were not punished Despite being viewed on camera attacking Plaintiff.

27.) Incredibly, Plaintiff was released back out unto the same

(6B.)

Compound several weeks later, with the perpetrators to be stabbed again by the defendants.

28.) Plaintiff was again threatened by the perpetrators with death, in fear of his safety. Plaintiff voluntarily returned to P.m. Segregation and demanded Defendants transfer him and provide protection.

29.) Plaintiff was transferred to Madison C.I. Plaintiff was immediately threaten again by members of the same Gang hunting him. In fear of his life, Plaintiff checked in into confinement.

30.) Plaintiff explained his safety concern to Gang Sgt. Frazier. who did assist Plaintiff in being placed on Permanent Protective management where he now resides.

31.) Plaintiff has Exhausted all available administrative remedies to no avail.

32.) Plaintiff has routine been exposed to attacks by Gang members, and violent inmates.

33.) Plaintiff was transferred to violent institutions, instead of being, originally placed on Permanent Protective management, where he suffered death threats and murder attempts.

34.) Defendants knew that Gang members at Taylor, Walton, Gulf, and Sumter C.I. were extorting, intimidating, and abusing Prisoners, such as Plaintiff without fear of discipline.

35.) The above defendants knew gang members were allowed to keep and move with weapons and searches for weapons were rare and cursory.

(6c.)

36.) Defendants Jones, John does, wardens were aware of the risk of serious harm to plaintiff and failed to act reasonably to abate the risk. And acted with deliberate indifference towards his safety.

37.) Defendants routinely failed to document their review of attacks by Gang members, violent inmates, and corrections staff and their failure to act.

38.) As a proximate result of defendant's denial of protection, Plaintiff has suffered suicidal ideation. significant disruption in plaintiff's everyday life. Psychological distress. Permanent disfigurement. Trauma, flashbacks, recurring nightmares. Significant physical injury, humiliation, and pain, and will continue to suffer such injuries in the future.

(6d.)

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

39.) Violation of 42 U.S.C. § 1983 Plaintiff re alleges the common allegations as if fully set forth herein. Defendants Jones and John Does both wardens were charged with providing care and custodial medical services and protection to prisoners at Taylor, Gulf, Smith, Walton, and Sumter C.I. And directs all staff and subordinates involved in Plaintiff's care and or charged with providing Plaintiff with the basic necessities of life. Including personal safety. Defendants were responsible for ensuring that all institutions including Taylor, Gulf,

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

1.) Plaintiff be provide appropriate medical and mental health care where necessary. 2.) Appointment of counsel to prosecute his claim. 3.) Compensatory and punitive damages to not exceed Ten million dollars. 4.) A trial by jury. 5.) And any other relief this court deems just, equitable, and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

5.22.19
_____
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 22 day of May , 20 19 .

_____
(Signature of Plaintiff)

Revised 03/07

7

Walton, and sumter C.I. ensured the personal safety and or took curative measures to ensure the safety of plaintiff were properly implemented at each institutions. Defendants are charged with abdicating their duty to supervise ~~monitor~~ And monitor the treatment and safety concerns of its subjects, such as plaintiff. And deliberately permitting A pattern of abuse and violence and constitutional deprivations of Prisoners, such as plaintiff to thrive, develope, and persist. In violation of plaintiff's civil Rights Under 42 u.s.c § 1983.

40.) Violation of the Eight Amendment Right to the U.S. constitution. Plaintiff realleges the common allegations as if fully set forth herein. Defendants Jones and John Does both wardens were charged with providing care and custodial medical services and protection to prisoners at Taylor, Gulf, Walton, and or sumter C.I. and directs all subordinates involved in Plaintiff's care. And or charged with providing plaintiff with the basic Necessities of life Including personal safety. Defendants were responsible for ensuring that all programs, security, and safety measures were properly implemented at all institutions Including Taylor, Gulf, Walton, and or Sumter C.I. Defendants are charged with abdicating their duty to supervise and monitor the treatment and safety of its subjects and deliberately permitting a pattern of abuse and constitutional deprivations of ~~the mentally~~ vulnerable Prisoners to thrive, develope, and persist. In violation of the ban against cruel and unusual punishment. In acting deliberately indifferent towards the need and safety of plaintiff

(7A)

41.) Plaintiff is entitled to relief against Defendant Jones for violating Title II (Public entities) of the American with Disability Act 42 U.S.C. § 12101 et seq. (hereinafter ADA) which provides in pertinent part: no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity, 42 U.S.C. § 12132.

42.) Title II of the Act prohibits, among other things; limiting a qualified individual's enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit or service of an agency subjecting a qualified individual to discrimination under any program or activity conducted by an agency.

43.) Plaintiff was disabled as defined at 42 U.S.C. § 12102(2), as be suffered an impairment that substantially limited one or more of his major life activities, including, but not limited to, mental health disabilities.

44.) Plaintiff was a "qualified individual" as defined at 42 U.S.C. § 12131 (2): "qualified individual" means a person with a disability who meets the essential eligibility requirements for receipt of services or participation in the programs or activities provided by the entity (with or without regard to any auxiliary aids or modifications).

45.) FDOC is a public entity that has violated Title II of the ADA.

46.) FDOC is an entity that receives federal funding.

47.) The operations of FDOC facilities comprise programs and services for purposes of Title II of the ADA

(13.)

48.) Defendant Jones authorize her agents and employees to Act for her when they committed the ADA violations alleged herein. Defendant Jones's Agents and employees accepted the undertaking of acting on her behalf when they committed the ADA violations alleged herein. Defendant Jones had control over her Agents and employees when they committed the ADA violations alleged herein.

49.) The ADA violations alleged herein and committed by defendant Jones agents and employees were done while acting within the course and scope of their employment or agency with defendant Jones. Thus, defendant Jones is vicariously liable for the Actions of its agents and employees when they committed the ADA violations alleged herein.

50.) FDOC, its agents and employees, acted intentionally and/or with deliberate indifference to plaintiff's need for A reasonable Accommodation by:

   a.) Failure to Accommodate his mental health disability;
   b.) failing and intentionally refusing to establish policy and procedures whereby prisoners with mental health disability are given protection from other violent Prisoners and Gang members who may see them as Targets;
   c.) Failing and intentionally refusing to train Defendant Jones employees regarding the safe management of mentally ill prisoners;

   1.) As A proximate result of defendant Jones, its employees' and Agents failure and intentional refusal to provide plaintiff with A reasonable Accommodation for his disability, he suffered physical harm.

(14)



Wellington Glinton

**WAKULLA CI - ANNEX**
**110 MELALEUCA DRIVE**
**CRAWFORDVILLE, FL 32327**

DC#W38934

MAY 2 3 2019

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

Tallahassee FSDF 323
WED 22 MAY 2019 PM

ClerK. U.S District court
III. N. ADAMS STREET
Tallahssee, Fl. 32301-7730

LEGAL MAIL

LEGAL MAIL
Provided to
Wakulla C

MAY 2 2 2019

FOR MAILING