UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WELLINGTON GLINTON,

    Plaintiff,

v.                             Case No. 4:19cv239-RH-HTC

MARK S. INCH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

On May 22, 2019, Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights action purporting to assert claims under 42 U.S.C. § 1983, alleging he was denied protective management at several FDOC institutions and subsequently attacked by fellow inmates. ECF Doc. 1. Upon screening the complaint under 28 U.S.C. §§ 1915(e) and 1915A, the undersigned found Plaintiff's complaint to be deficient, as it failed to state a claim for relief against any of the named defendants.[1] Thus, on August 29, 2019, the Court directed Plaintiff to file an

---

[1] Specifically, Plaintiff purported to assert a claim (1) under 42 U.S.C. § 1983, which is not an independent source of substantive rights; (2) under the ADA, but failed to allege any facts regarding a disability or discrimination against Plaintiff because of a disability; and (3) under the Eighth Amendment, but failed to allege that the named defendants, who were all supervisory officials, were either personally involved in a constitutional violation or liable under a theory of supervisory liability.

amended complaint if he wished to proceed with this action and to do so on or before September 19, 2019.  ECF Doc. 19.

After seeking several extensions of time, which the Court granted, Plaintiff filed his first amended complaint three (3) months later, on December 2, 2019.  ECF Doc. 26.  Plaintiff's amended complaint was deficient because it was not on the required Court form and again failed to state a claim for relief against the majority of the named Defendants.[2]  Thus, on January 17, 2020, the Court afforded Plaintiff a second opportunity to cure the deficiencies in his complaint and directed him to do so by February 18, 2020.  ECF Doc. 27.  On February 17, 2020, Plaintiff filed another motion for extension (ECF Doc. 28), seeking an additional ninety (90) days to file his second amended complaint.  The Court granted the request in part, giving Plaintiff until March 29, 2020 to file a second amended complaint.  ECF Doc. 29.

March 29, however, came and went, and Plaintiff did not file a second amended complaint with the Court.  Thus, on April 9, 2020, the Court issued a show cause order giving Plaintiff an additional fourteen (14) days to either file his second amended complaint, file a notice of voluntary dismissal, or otherwise show cause why his case should not be dismissed for failure to prosecute or comply with orders

---

[2] Although Plaintiff's initial complaint named only four (4) defendants, Plaintiff's amended complaint named eighteen (18) defendants, and, as to at least nine (9) of those defendants, Plaintiff alleged no facts at all.  *See* ECF Doc. 27 at 6.  Additionally, Plaintiff again failed to state a claim under the ADA, sought injunctive relief the Court does not have authority to grant, and sought attorney's fees to which a *pro se* litigant is not entitled.

Case No. 4:19cv239-RH-HTC

of the Court.  ECF Doc. 30.  The Court warned Plaintiff that failure to respond may result in a recommendation that his case be dismissed without further notice.  *Id.*

More than fourteen (14) days have passed, and Plaintiff has neither complied with the Court's February 28 Order by filing a second amended complaint nor responded to the April 9 Order to Show Cause.  Moreover, nearly one (1) year has passed since Plaintiff initiated this action without the filing of an adequate complaint sufficient for service.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to state a cause of action, and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 11th day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.